**Frank I. RAMIREZ, Appellant,**

v.

**NATIONAL DISTILLERS AND CHEMICAL CORPORATION, Appellee.**

**No. 76–1637.**

United States Court of Appeals,
Ninth Circuit.

Nov. 30, 1978.

---

Solomon, District Judge, concurred in result.

Nancy L. Kelso (argued), of Freeman, Kelso & Young, Los Angeles, Cal., for appellant.

Marilyn S. G. Urwitz (argued), Washington, D. C., for appellee.

Before HUFSTEDLER and TANG, Circuit Judges, and SOLOMON,* District Judge.

HUFSTEDLER, Circuit Judge:

Ramirez brought this employment discrimination action against National Distillers under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and the Civil Rights Act of 1866 (42 U.S.C. § 1981). He appeals from the district court's order dismissing his action on jurisdictional grounds and awarding summary judgment in favor of National Distillers. The questions presented are whether the district court properly granted summary judgment, and whether procedural irregularities in the handling of Ramirez's EEOC charges deprived the district court of jurisdiction over his Title VII action.

I

On April 30, 1974, Ramirez, a Mexican-American was laid off from his job as a display merchandiser with the Beverly Hills, California, office of National Distillers Products Company. Sixty-six days later, on July 5, 1974, Ramirez filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that his employer had discriminated against him on the basis of his national origin. Ramirez's charge was never processed by the EEOC, which failed to refer it to the California Fair Employment Practices Commission, as required by section 706 of Title VII (42 U.S.C. § 2000e–5). After discovering that the EEOC had not processed his original charge, Ramirez filed another charge on November 27, 1974, 211 days after his layoff. Ramirez's new charge was virtually identical to his original charge except that

he substituted the California address of National Distillers for the New York address listed on his original charge.[1] In compliance with its regular procedures, the EEOC referred Ramirez's second charge to the California Fair Employment Practices Commission on January 20, 1975. The state agency referred the charge back to the EEOC on February 25, 1975.

After filing his second EEOC charge, Ramirez accepted temporary employment with National Distillers in December, 1974. On April 14, 1975, Ramirez again was laid off. On April 17, 1975, he obtained a right-to-sue letter from the EEOC concerning his previous charges of discrimination by National Distillers. Ramirez filed suit against National Distillers on July 16, 1975, within 90 days after he had obtained the right-to-sue letter. Charging National Distillers with violations of both Title VII and the Civil Rights Act of 1866, Ramirez alleged that he had been unlawfully discharged because of his Mexican-American ancestry. Although Ramirez's EEOC charges concerned only his 1974 layoff, his lawsuit challenged both his 1974 and 1975 layoffs.

On February 3, 1976, the district court granted summary judgment to National Distillers and dismissed Ramirez's Title VII action on jurisdictional grounds. The district court found that National Distillers was "entitled to summary judgment as a matter of law," because there was "no material cause of fact before [the] court." The Title VII action was dismissed on jurisdictional grounds because of procedural problems related to Ramirez's EEOC charges. The district court found that Ramirez's first EEOC charge had never been referred to a state agency, as required by law, and that his second charge had been filed more than

---

* Honorable Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

1. The EEOC failed to process Ramirez's original charge apparently because their Los Angeles staff erroneously believed that they could not handle a charge that designated a New York address for National Distillers. When Ramirez contacted the EEOC to determine why his charge had not been pursued, he was told that the Los Angeles office would process his charge if he substituted the California address of National Distillers for the New York address on his original charge.

180 days after his 1974 layoff. Since Ramirez had never filed an EEOC charge concerning his 1975 layoff, the district court found that it had no jurisdiction over Ramirez's Title VII action because he had failed to comply with Title VII's procedural requirements.

On appeal, Ramirez argues that the district court erred in granting summary judgment because there were genuine issues of material fact in dispute. He also contends that the district court had jurisdiction over the Title VII action because he had adequately complied with the procedural requirements of Title VII. We agree with Ramirez on both grounds, and we reverse the district court's judgment and remand the case for further proceedings.

## II

■ In awarding summary judgment to National Distillers, the district court found that there was "no genuine issue of material fact to be tried." This conclusion apparently was based on the following finding by the district court: "Plaintiff's own deposition testimony shows that plaintiff was laid off in accordance with seniority provisions of the collective bargaining agreement on April 30, 1974, and that no discrimination was practiced concerning that layoff. Nor is there any evidence of discrimination concerning the second layoff of April 14, 1975."

■ The standards for awarding summary judgment have been delineated frequently by this court. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

(Fed.R.Civ.P. 56(c).) In ruling on a motion for summary judgment, it is not the function of the court to resolve existing factual issues through a "trial by affidavits." (*United States v. Diebold, Inc.* (1962) 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176; *Lane Bryant, Inc. v. Maternity Lane, Ltd., of California* (9th Cir. 1949) 173 F.2d 559, 565.) The court is to determine whether a genuine issue of material fact exists, viewing all evidence and factual inferences "in the light most favorable to the party opposing the motion." (*United States v. Diebold, Inc., supra,* 369 U.S. at 655, 82 S.Ct. at 994; *Adickes v. Kress & Co.* (1970) 398 U.S. 144, 158–61, 90 S.Ct. 1598, 1608–10, 26 L.Ed.2d 142; *Stansifer v. Chrysler Motors Corp.* (9th Cir. 1973) 487 F.2d 59, 63.)

The district court incorrectly resolved disputed factual issues in concluding that "no discrimination was practiced." Ramirez alleged that he had been laid off because of his national origin. Even if his deposition testimony is read as indicating that his layoff was due to the seniority system, Ramirez raised a genuine issue of material fact concerning the discriminatory application of the seniority system.[2] Viewing the evidence in the light most favorable to Ramirez, the district court could not properly conclude that no genuine issue of material fact was presented.

## III

■ The district court held that procedural problems relating to Ramirez's EEOC charges barred his Title VII cause of action. With regard to the 1974 layoff, Ramirez's Title VII action was dismissed for want of jurisdiction because his first EEOC charge had never been referred to the state fair employment practices commission, while his second charge had been filed more than 180 days after the layoff. Ramirez filed his first EEOC charge on July 5, 1974, 66 days

---

**2.** Ramirez alleged, among other things, that white display workers were transferred to other departments to avoid being laid off, an option that was not offered to him. He also claimed that independent contractor arrangements were used to circumvent the seniority provisions of the collective bargaining agreement.

after his first layoff. This charge, which unquestionably was timely filed, was never referred by the EEOC to the California Fair Employment Practices Commission. By failing to refer Ramirez's charge to the state agency, the EEOC violated the requirements of Title VII (42 U.S.C. § 2000e - 5), as well as its own administrative regulations (29 C.F.R. § 1601.12(b)(1)).[3] Ramirez's second charge, which was filed on November 27, 1974 (211 days after the layoff), was referred to the California Fair Employment Practices Commission by the EEOC, in compliance with Title VII and EEOC regulations.

Section 706(e) of Title VII requires that EEOC charges "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." (42 U.S.C. § 2000e -5(e).) In states with fair employment practices commissions, including California, EEOC charges may be timely filed within 300 days of the alleged unlawful act if "the person aggrieved has initially instituted proceedings with a State or local agency." (42 U.S.C. § 2000e–5(e).)[4] Ramirez argues that his second EEOC charge was timely filed because it was a technical amendment to the first, timely charge, or, alternatively, because it was filed within 300 days of the layoff. Because we agree that Ramirez's second charge was merely an amendment to the first, concededly timely, charge, we need not decide whether the 300-day provision of section 706(e) was applicable to Ramirez's case.[5]

The EEOC charge Ramirez filed on November 27, 1974, was virtually identical to the charge he had filed on July 5, 1974. The only difference between the two charges was that in the second charge Ramirez substituted the California address of National Distillers for the New York address listed on the first charge. This amendment was made for the purpose of clearing up confusion on the part of the EEOC staff who had failed to process Ramirez's original charge. Under these circumstances, the November charge can only be viewed as a technical amendment to the July charge. EEOC regulations provide that: "[a] charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein, and such amendments alleging additional acts which constitute unlawful employment practices directly related to or growing out of the subject matter of the original charge will relate back to the original filing date." (29 C.F.R. 1601.11(b).) Since Ramirez's allegations of discrimination were the same in both charges, the November charge was merely an amendment to the July charge. (*Cook v. Mountain States Telephone & Telegraph Co.* (D.Ariz.1975) 397 F.Supp. 1217, 1222–23.) The November charge was timely filed therefore because it relates back to the July filing date. (*EEOC v. United States Fidelity & Guaranty Co.* (D.Md.1976) 414 F.Supp. 227, 233)

■ Ramirez's second charge was referred to the California Fair Employment

---

3. 29 C.F.R. § 1601.12(b)(1) provides in pertinent part: "Any document whether or not verified, received by the Equal Employment Opportunity Commission as provided in § 1601.7, which may constitute a charge cognizable under Title VII, shall be deferred to the appropriate 706 Agency . . . ."

4. As the Supreme Court noted in *Occidental Life Insurance Co. v. EEOC* (1977) 432 U.S. 355, 369 n.23, 97 S.Ct. 2447, 53 L.Ed.2d 402: "Since California has created a state agency with authority to provide a remedy for employment discrimination, Cal. Labor Code §§ 1410 - 1433 (West 1971), an aggrieved party in that State may file a charge with the EEOC as long as 300 days after the allegedly unlawful act."

5. The Fourth Circuit in *Doski v. M. Goldseker Co.* (4th Cir. 1976) 539 F.2d 1326, has held that the 300-day provision applies even if the charge was originally filed with the EEOC more than 180 days after the alleged unlawful act and subsequently was referred to the state agency. This circuit has reserved judgment on the question (*Davis v. Valley Distributing Co.* (9th Cir. 1975) 522 F.2d 827), although *dictum* in a recent Supreme Court decision suggests that the *Doski* view may be correct. (*Occidental Life Insurance Co. v. EEOC* (1977) 432 U.S. 355, 359 n.8, 369 n.23, 97 S.Ct. 2447, 2451, 2456, 53 L.Ed.2d 402.)

Practices Commission by the EEOC. Because the second charge was merely an amendment to the first, the EEOC's failure to refer the original charge to the state agency can have no effect on Ramirez's right to pursue a Title VII claim with respect to the 1974 layoff. Even if the EEOC had failed to refer either charge to the state agency, dismissal of the Title VII action on jurisdictional grounds would not have been proper. This court has held repeatedly that "where the EEOC has failed to follow section 2000e–5(c), the district court should retain jurisdiction for a period of time sufficient to allow the EEOC to notify the appropriate state agency and to allow that agency the statutory deferral period in which to act." (*Gallego v. Arthur G. McKee & Co.* (9th Cir. 1977) 550 F.2d 456, 457. Cf. *EEOC v. Wah Chang Albany Corp.* (9th Cir. 1974) 499 F.2d 187, 189 n.3 ("deferral is not a jurisdictional fact in the sense that its absence deprives the court of power to act").) Moreover, it is doubtful that a procedural error committed by the EEOC could bar a plaintiff's right to pursue a Title VII claim. (*See Miller v. International Paper Co.* (5th Cir. 1969) 408 F.2d 283, 291 ("The action or inaction of the EEOC cannot affect the grievant's substantive rights under the statute."); cf. *Gates v. Georgia-Pacific Corp.* (9th Cir. 1974) 492 F.2d 292, 295.) Because the EEOC eventually did refer Ramirez's amended charge to the appropriate state agency, the district court erred in dismissing on jurisdictional grounds the Title VII claim with respect to the 1974 layoff.

■ The district court held that Ramirez's Title VII claim with respect to the 1975 layoff was barred by his failure to file an EEOC charge concerning this incident. Ramirez's second layoff occurred on April 14, 1975, three days before he received a right-to-sue letter from the EEOC concerning his 1974 charges. Rather than file a separate EEOC charge concerning the 1975 layoff, Ramirez filed a lawsuit alleging employment discrimination with respect to both the 1974 and 1975 layoffs. Ramirez argues that the allegations of his 1974 charges were sufficiently broad to give the district court jurisdiction over his claim relating to the 1975 layoff.

In his 1974 EEOC charges, Ramirez alleged a pattern of continuing discrimination on the part of National Distillers.[6] This court has held that "[w]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." (*Oubichon v. North American Rockwell Corp.* (9th Cir. 1973) 482 F.2d 569, 571.) In light of the allegations made in Ramirez's 1974 EEOC charge, we hold that the 1975 layoff constituted a new act of alleged discrimination that was reasonably related to Ramirez's original charge. Thus, the district court erred in dismissing the Title VII action with respect to the 1975 layoff claim. As the Supreme Court noted in *Love v. Pullman Co.* (1972) 404 U.S. 522, 526, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 "[t]o require a second 'filing' by the aggrieved party . . . would serve no purpose other than the creation of an additional procedural technicality." (footnote omitted.)

■ Premature disposition of Title VII cases on summary judgments and dismissal of Title VII cases on technical procedural grounds have been sufficiently frequent by different district courts within the Circuit to induce us to comment briefly on the practice. Title VII litigation is very frequently difficult, complex, and very time-consuming for the parties and for the courts. Despite our sympathy with district

6. Ramirez alleged "a continuing pattern and practice" of disparate treatment by National Distillers in his July 5, 1974, charge.

courts struggling with seriously overcrowded dockets, we must remind ourselves that we cannot let our concern about calendar congestion interfere with the rights of the litigants to trials on the merits when there are real issues to try. In enacting the Civil Rights Act of 1964 (42 U.S.C. § 2000a *et seq.*) "Congress indicated that it considered the policy against discrimination to be of the 'highest priority.' *Newman v. Piggie Park Enterprises, supra* [390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263], at 402." (*Alexander v. Gardner-Denver Co.* (1974) 415 U.S. 36, 47, 94 S.Ct. 1011, 1119, 39 L.Ed.2d 147.) In keeping with the remedial goals of the statute, we have repeatedly held that the statute itself, the procedural framework, and the pleadings must be liberally construed in favor of those who are alleged victims of discrimination. (*E. g., Mahroom v. Hook* (9th Cir. 1977) 563 F.2d 1369; *Davis v. Valley Dist. Co.* (9th Cir. 1975) 522 F.2d 827.) Procedural technicalities should not be employed to impede a Title VII claimant from obtaining a judicial hearing on the merits. (*Love v. Pullman* (1972) 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679.)

Reversed and remanded for further proceedings consistent with the views herein expressed.

SOLOMON, District Judge:

I concur in the result.