**Grace A. ONG, Plaintiff,**

v.

**Joseph Maxwell CLELAND, Administrator of Veterans Affairs, Defendant.**

**No. C–78–2764 SW.**

United States District Court,
N. D. California.

Oct. 15, 1979.

Hoffman & Associates, H. Tim Hoffman, Arthur W. Lazear, Oakland, Cal., for plaintiff.

G. William Hunter, U. S. Atty., Deborah M. Seymour, Asst. U. S. Atty., Civil Division, San Francisco, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SPENCER WILLIAMS, District Judge.

The instant matter came before this court on September 14, 1979 on the defendant's motion to dismiss or, in the alternative, for summary judgment. Plaintiff was represented by her counsel, Arthur W. Lazear, of Hoffman and Associates, Attorneys at Law. Defendant was represented by G. William Hunter, United States Attorney, by Deborah M. Seymour, Assistant United States Attorney, Civil Division. The court, having considered defendant's Memorandum of Points and Authorities in support of its Motion for Dismissal or Summary Judgment, plaintiff's Memorandum of Points and Authorities in opposition thereto, and defendant's Reply Memorandum, and having heard oral argument, now makes the following:

## FINDINGS OF FACT

1. Plaintiff, an American woman of Chinese nationality, worked for the Veterans Administration from 1968 to 1978. On May 3, 1977, she applied for the position of Veterans Claims Examiner GS-5. Plaintiff, a claims clerk, GS-6 knew that were she to be selected for the Claims Examiner position, she would have to accept a change to lower grade. However, plaintiff understood that this would be but a temporary step backwards, as the position for which she was applying had a promotion potential to the GS-9 level which could be attained through noncompetitive promotions.

2. Plaintiff was not selected for the Veterans Claims Examiner position. On or about June 22, 1977, she filed an administrative complaint of discrimination in which she alleged that she was not selected because of her national origin and race. The complaint was investigated by the Veterans Administration, a hearing was held, and it was found that plaintiff had indeed been discriminated against. Plaintiff was grant-ed full relief and given retroactive assignment as a Veterans Claims Examiner, GS-5 with retroactive seniority in that position dating back to June 6, 1977. Plaintiff does not challenge the agency's action in this regard. The retroactive placement involved a change to lower grade, not a raise in pay, and back pay was therefore not appropriate.

3. Prior to the time of this final agency decision, however, plaintiff had retired on grounds of nervous disability. Her retirement came less than a year after her retroactive seniority date (June 6, 1977), and thus before she became eligible for promotion to the next higher grade in the Veterans Claims Examiner promotion schedule.[1]

4. On November 30, 1978, plaintiff filed the instant action, seeking compensatory damages in addition to the relief already awarded by the administrative process and to her disability retirement annuity (which at present amounts to $361.93 per month). She bases her prayer for compensatory damages on the ground that defendant's discrimination against her caused her to seek an early retirement on disability.

## CONCLUSIONS OF LAW

I. *42 U.S.C. § 2000e–16 IS THE EXCLUSIVE REMEDY FOR DISCRIMINATION IN FEDERAL EMPLOYMENT.*

█ The matters raised in plaintiff's Complaint relate solely to discrimination in Federal employment. Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e–16) is the exclusive remedy for employment discrimination involving the Federal government, and no other jurisdictional grounds exist in the matter. *Brown v. G. S. A.*, 425 U. S. 820, 828–9, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976); *Scott v. Perry*, 569 F.2d 1064, 1065 (9th Circuit, 1978); *Torres v. Claytor*, 18 EPD 5893 (1978).

---

1. Veterans Claims Examiner positions are classified with a two-grade interval. Hence, the advancement is GS–5/GS–7/GS–9. As provided by law and regulation, a person must spend a minimum of one year at each grade level before becoming eligible for promotion to the next.

II. *THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM, AS SHE HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.*

█ This court lacks jurisdiction over plaintiff's claim since she has not exhausted her administrative remedies by seeking the required administrative review of her complaint. *Jordan v. United States*, 522 F.2d 1128 (8th Cir. 1975); *Ettinger v. Johnson*, 518 F.2d 648 (3rd Cir. 1975); *League of United Latin American Citizens v. Hampton*, 501 F.2d 843 (D.C.Cir.1974); *Place v. Weinberger*, 497 F.2d 412. (6th Cir. 1974); *Halpert v. Westheim*, 19 EPD 9069 (S.D.N.Y.1979).

ACCORDINGLY, pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant's Motion for Summary Judgment is GRANTED.