**Grace A. ONG, Plaintiff-Appellant,**

v.

**Joseph Maxwell CLELAND, Administrator of Veterans Affairs, Defendant-Appellee.**

No. 79–4877.

United States Court of Appeals, Ninth Circuit.

Argued Jan. 13, 1981.

Submitted Jan. 26, 1981.

Decided April 16, 1981.

Arthur W. Lazear, Hoffman & Associates, Oakland, Cal., for plaintiff-appellant.

Deborah M. Seymour, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before WALLACE and FARRIS, Circuit Judges, and HALBERT,[*] District Judge.

FARRIS, Circuit Judge:

Grace Ong appeals the district court's entry of summary judgment, 492 F.Supp. 51, in her Title VII suit against Joseph Cleland, Administrator of Veterans Affairs. Trial court jurisdiction was based on 42 U.S.C. §§ 2000e–5(f)(3) and 2000e–16(d) (1976). Jurisdiction on appeal is based on 42 U.S.C. § 2000e–5(j) (1976) and 28 U.S.C. § 1291 (1976).

Ong filed an administrative charge alleging that she was denied a promotion on the basis of national origin. During the pendency of the administrative process, she took a disability retirement due to a nervous condition allegedly provoked by the complained-of employer conduct: Ong retired in April 1978 and the administrative hearing was held in May 1978. The administrative process both established her employer's discriminatory conduct in promotion and awarded her a retroactive appointment up to the date of her retirement. The district court found as a matter of law that Ong had waived her right to federal court jurisdiction over her Title VII claim for additional damages by failing to exhaust her administrative remedies.

Ong challenges the district court's entry of summary judgment on the ground that she did, as a matter of law, exhaust her administrative remedies. Cleland contends that the summary judgment can be affirmed on Ong's failure to exhaust or on the alternative ground that the relief Ong sought—compensatory damages—was unavailable to her as a matter of law under Title VII. We affirm.

### I. FACTS

Ong is an American citizen of Chinese national origin. She worked for the Veterans Administration from 1968 to 1978. In May 1977, Ong, who was then a GS–6 education claims clerk, applied for a veterans claims examiner position at GS–5 with noncompetitive promotion potential to GS–9. She was not hired for the position. Ong filed a timely administrative equal opportunity charge concerning the promotion decision on June 22, 1977. Her administrative charge alleged that the agency improperly promoted less qualified applicants to the position because of 1) racial stereotypes and 2) her previous equal opportunity charge,[1] see 29 C.F.R. §§ 1613.261–.262 (1979). She requested a retroactive appointment to the position. In April 1978, Ong took a disability retirement from the VA. At the administrative hearing in May 1978, Ong stated

---

[*] Honorable Sherrill Halbert, Senior United States District Judge for the Eastern District of California, sitting by designation.

1. Ong had filed a discrimination charge against the agency in September 1975; that charge resulted in a finding of discrimination in which the agency concurred.

that she "had filed for disability retirement because of the treatment [she] had received [at the VA]." She testified that she "was physically and mentally unable to perform [her] job satisfactorily."[2] The administrative process resulted in a finding by the Federal Employee Appeals Authority [FEAA], in September 1978, that Ong was denied the promotion on the basis of unlawful racial discrimination; the FEAA also found that Ong's allegations of reprisal based on her earlier discrimination charge were without merit. In November 1978, the agency concurred in the FEAA finding of discrimination in promotion and awarded Ong a retroactive appointment to the claims examiner position dating back to June 1977. See 29 C.F.R. § 1613.271(b)(1) (1979). The agency's retroactive appointment extended forward only to April 1978, or for ten months, to the time during the administrative process that Ong took a disability retirement. In a deposition taken in connection with the district court proceedings one year later, Ong testified that she had experienced nervous symptoms such as "cold sweats," sudden blankness of mind, and nausea after initiating the administrative process. She attributed these symptoms to the forthcoming agency decision.

Ong was not awarded back pay by the agency, since the new position was rated lower than her previous position and she did not hold the new position for the twelve-month period required for promotion to the next GS level.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

This appeal presents the novel question of whether a Title VII plaintiff must amend his or her administrative charges to add additional claims based on a different theory of employer discrimination.

 A Title VII plaintiff must exhaust his or her administrative remedies before seeking judicial relief from discriminatory agency action. E. g., Richerson v. Jones, 572 F.2d 89, 95 (3d Cir. 1978). Whether a plaintiff has in fact exhausted his or her administrative remedies depends on an analysis of the "fit" between the administrative charges brought and investigated and the allegations of the subsequent judicial complaint. See generally B. Schlei & P. Grossman, Employment Discrimination Law 992–96 (1976). The authoritative test for the "fit" between the administrative charge and the subsequent judicial complaint is:

When an employee seeks judicial relief for incidents not listed in his original charge to the [administrative agency], the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the [agency] charge, including new acts occurring during the pendency of the charge before the [administrative agency].

Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973). Some subsequent decisions have modified the test to focus on the scope of the actual administrative investigation as well as on the literal language of the administrative charge. E. g., Mobley v. Acme Markets, Inc., 473 F.Supp. 851, 853 (D.Md.1979).

 The scope of the exhaustion requirement is best understood in the context of the Title VII policies which it is intended to further. Because laypersons often initiate employment discrimination complaints and because the policies of Title VII are

---

2. In elaborating on this statement, Ong testified that for the previous three or four years at the VA, she had worked without promotion. An objection to this testimony was lodged by counsel for the VA, who indicated that he did not believe the reason for her retirement was "material" to her discrimination charge. Ong's counsel answered the objection by stating that the retirement could be "material to a remedy" —that "[i]f her leaving the Agency was be- cause of pressure brought on by officials who were discriminating against her," he believed "it would be even more incumbent to give her a full remedy of disability retirement equal to what she would have had." The hearing examiner ruled on the objection by limiting Ong's testimony to the discrimination which had provoked her administrative charge on the promotion decision and by excluding her testimony on the subsequent disability retirement.

promoted by encouraging administrative conciliation of employment discrimination complaints, Title VII's procedural requirements are "neither interpreted too technically nor applied too mechanically." *Richerson v. Jones*, 572 F.2d 89, 95–96 (3d Cir. 1978). *Accord, Clark v. Chasen*, 619 F.2d 1330, 1332 (9th Cir. 1980); *Ramirez v. National Distillers & Chemical Corp.*, 586 F.2d 1315, 1321 (9th Cir. 1978). The absence of a perfect "fit" between the administrative charge and the judicial complaint is therefore not fatal to judicial review if the policies of promoting conciliation and avoiding bypass of the administrative process have been served. *Richerson*, 572 F.2d at 96. *See generally Montgomery v. Rumsfeld*, 572 F.2d 250, 253 (9th Cir. 1978) (articulating policies underlying exhaustion requirements). Allowing a federal court complaint to proceed despite its loose "fit" with the administrative charge and investigation, however, is precluded if it would circumvent the Title VII scheme which contemplates agency efforts to secure voluntary compliance before a civil action is instituted. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970). *See Developments in the Law—Employment Discrimination and Title VII of the Civil Rights Act of 1964*, 84 Harv.L.Rev. 1109, 1217 (1971). The substance of the administrative charge, rather than its label, is the concern of Title VII. *Waters v. Heublein, Inc.*, 547 F.2d 466, 468 (9th Cir. 1976), *cert. denied*, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977). "[T]he charge must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed." *Cooper v. Bell*, 628 F.2d 1208, 1211 (9th Cir. 1980).

Ong's theory in the federal courts, that she was "constructively discharged" by the discriminatory promotional decision of the agency, was not presented administratively. *See generally Young v. Southwestern Savings & Loan Association*, 509 F.2d 140, 144 (5th Cir. 1975) (constructive discharge). The precise question presented here—whether a Title VII plaintiff is required to amend his or her administrative charges to add claims of additional injury based on a different theory of employer discrimination before having those claims heard by the federal courts—is one of first impression. Courts deciding an analogous question, however, have divided on whether a Title VII plaintiff must have administratively alleged discriminatory employer conduct occurring subsequent to the filing of the initial charge in order for those claims to have been administratively exhausted and therefore capable of being heard in federal court. *Compare Ettinger v. Johnson*, 518 F.2d 648, 652 & n.9 (3d Cir. 1975) (absent unusual circumstances, failure to raise "issues" administratively precludes their review in federal court), *on remand*, 410 F.Supp. 519, 526 (E.D.Pa.1976), *rev'd on other grounds*, 556 F.2d 692 (3d Cir. 1977) *and De Medina v. Reinhardt*, 444 F.Supp. 573, 578–79 (D.D.C. 1978) (plaintiff's failure to amend administrative charge to include subsequent employer conduct precluded federal court review of that conduct) *with Ramirez v. National Distillers & Chemical Corp.*, 586 F.2d 1315, 1320 (9th Cir. 1978) (when administrative charge alleged pattern of discrimination and one discriminatory lay-off, a subsequent lay-off could be considered by federal court) *and Van Hoomissen v. Xerox Corp.*, 368 F.Supp. 829, 833–34 (N.D.Cal.1973) (when administrative charge alleged continuous retaliation, discharge of plaintiff by private employer during pendency of administrative proceeding could be included in federal complaint).

Here, Ong's theory of recovery was unclear even at the administrative hearing. This ambiguity was not clarified by her counsel's response to objections at that hearing. Nor did her counsel request, in the hearing brief submitted to the examiner some three months later, relief appropriate to a constructive discharge theory. The ambiguity was consequently not resolved by the hearing examiner's ultimate findings. To point to one brief exchange of counsel—in an administrative hearing that took two days and that produced 284 pages of transcript and in an administrative investigation that took over 16 months—in an at-

tempt to show administrative consideration of the constructive discharge theory is inadequate. The record shows neither that Ong raised administratively the issue of her retirement as a constructive discharge nor that the issue was administratively investigated. *Cf. President v. Vance,* 627 F.2d 353, 361–63 (D.C.Cir.1980) (administrative charge and investigation sufficient to give notice to agency of type of discrimination alleged).

■ Although Ong attempts to frame her disability retirement as "like or reasonably related" to the employer's established discrimination in promotion, her arguments are not persuasive. Ong did not allege administratively that her employer had engaged in a pattern or practice of discrimination against her. *Cf. Ramirez v. National Distillers & Chemical Corp.,* 586 F.2d 1315, 1320 (9th Cir. 1978) ("pattern" allegations were reasonably related to a second lay-off occurring during the pendency of the administrative process so that the federal claim could proceed). Nor did Ong attempt to amend her administrative complaint to encompass events occurring after it was originally lodged. *Cf. Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970) (amended charges could be heard in federal court); *De Medina v. Reinhardt,* 444 F.Supp. 573, 578–79 (D.D.C.1978) (plaintiff's failure to amend administrative complaint to add subsequent claims of discrimination was failure to exhaust and required dismissal of those claims from federal court suit). The issue of Ong's disability retirement—and particularly, whether it was proximately caused by the agency's promotional decision—was not presented administratively. The agency was therefore not given the opportunity to consider this issue before initiation of the Title VII suit. The failure to raise an issue administratively subverts the procedures and policies of Title VII and justifies precluding its presentation in federal court. *Ettinger v. Johnson,* 518 F.2d 648, 652 & n.9 (3d Cir. 1975), *on remand,* 410 F.Supp. 519, 526 (E.D.Pa.1976), *rev'd on other grounds,* 556 F.2d 692 (3d Cir. 1977); *Beale v. Blount,* 461 F.2d 1133, 1140 (5th Cir. 1972). Here, the policies both of Title VII specifically—to encourage informal conciliation of employment discrimination suits and to avoid bypass of administrative remedies—and of the exhaustion doctrine generally—to develop an administrative record and to avoid institution of federal court suits—were frustrated. We find that Ong's administrative charge of discrimination in promotion did not encompass her later judicial complaint of constructive discharge and that she therefore failed to exhaust her administrative remedies.

### III. CONCLUSION

Ong's failure to raise administratively the issue of her disability retirement as an incident of her employer's discrimination in promotion prevented agency consideration of it. Because Title VII is intended to promote informal conciliation of employment discrimination charges and because Ong's failure to present that issue frustrated Title VII policy, we find that Ong failed to exhaust her administrative remedies. Because we hold as we do on the exhaustion issue, we do not reach Cleland's argument on an alternative ground for affirmance.

Affirmed.