993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evelyn MIKE, Plaintiff-Appellant,
v.
Michael P.W. STONE, Defendant-Appellee.
 No. 92-15371.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1993.
Decided May 19, 1993.
 
 Before: REINHARDT, TROTT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Evelyn Mike appeals the entry of summary judgment in favor of the Army on her action to recover back pay for the period from her retirement in 1983 to her reinstatement at a higher position in 1988. We affirm.
 
 
 3
 First, Mike argues that, on its face, the EEOC order that led to her reinstatement requires the provision of back pay for the entire period from the discriminatory non-promotion to her reinstatement. However, both the language of the order itself and 5 C.F.R. § 550.805, to which the order refers, indicate that the Army need not provide back pay for any period of unavailability unrelated to the discriminatory failure to promote.
 
 
 4
 Mike's second argument is that she is not required to file a separate EEOC charge to pursue her claim of constructive discharge. She is incorrect. See Ong v. Cleland, 642 F.2d 316, 318 (9th Cir.1981) (claim of constructive discharge is not reasonably related to charge of discrimination in promotion). The Army preserved the defense of failure to exhaust, and no equitable considerations relieve Mike of the requirement.
 
 
 5
 Because Mike raises no other arguments on appeal, we affirm the decision of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3