110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dorothy SCHNEIDER, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF TRANSPORTATION; Rodney E. Slater,*
Secretary of Transportation,
Defendants-Appellees.
 No. 96-15141.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1997.**
Decided March 18, 1997.
 
 1
 Before: CANBY and RYMER, Circuit Judges; EZRA, District Judge.***
 
 
 2
 MEMORANDUM****
 
 
 3
 Dorothy Schneider, a civilian Coast Guard employee, appeals (1) the district court's grant of summary judgment dismissing her sexual discrimination claim under Title VII and (2) its denial of her motion to file a second amended complaint to incorporate, along with her Title VII sex discrimination claim, claims of sexual harassment and retaliation for filing a sexual discrimination complaint.[1] The district court had jurisdiction under 42 U.S.C. §§ 2000e-5, 2000e-16 and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 * Schneider argues that she was terminated because of her sex, in violation of Title VII. However, as the district court concluded, Schneider has not made out a prima facie case of gender discrimination.
 
 
 5
 Schneider argues that the district court improperly ruled that her Title VII claim failed as a matter of law because she did not present evidence of similarly situated individuals not of her protected class who were treated more favorably than she. See Sengupta v. Morrison-Knudsen Co., Inc., 804 F.2d 1072, 1075 (9th Cir.1986). Such evidence is not the only means of stating a prima facie discrimination case. However Schneider adduced no substantial alternative evidence to indicate that she was terminated because of her sex. See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1110-11 (9th Cir.1991).
 
 
 6
 Schneider is a woman, and she was replaced by a man, who, according to the record, was the only applicant for her position following her termination and the Coast Guard's posting of the job opening. Another civilian woman, Kim Johnson, was Schneider's coworker and remains in the Work-Life group.
 
 
 7
 Schneider claims that Garvin hollered at her, but nothing indicates that his frustration with her refusal to turn over patient files was caused by, or related to, her gender. She suggests that Finton's dissatisfaction with her report on Layton "was nothing more than a cruel attempt to harass and retaliate against [her]," but the record indicates that she repeatedly failed to comply with his explicit instructions to make a recommendation on appropriate discipline for Layton. Finton gave Schneider several opportunities to amend her report to include a recommendation. Schneider argues that it was not her job to make disciplinary recommendations; nonetheless, no evidence suggests that disciplining her for failing to complete the assignment as instructed was a form of gender discrimination.
 
 
 8
 Finally, Schneider's own characterization of the core of her case undermines her claim that she was terminated due to her gender. Schneider asserts that "[a]t the heart of the employment dispute giving rise to Appellant's termination is the applicability of a psychotherapist-patient privilege." This may well be true; however, it does not support her Title VII suit for gender discrimination. Schneider's superiors may or may not have been insensitive to privilege issues, and they may or may not have been improperly intolerant of Schneider's attempts to preserve therapist-patient confidentiality; but their actions and attitudes with respect to patient files do not raise an inference that Schneider was fired because of her sex.
 
 II
 
 9
 Schneider contends that the district court committed reversible error in denying her motion to file a second amended complaint. We disagree.
 
 
 10
 The MSPB had considered retaliation only in the context of whistleblowing, and its only investigation of sex discrimination involved a disparate treatment theory. Schneider did not attempt to raise her sexual harassment and retaliation claims in her original or her first amended complaints filed in federal court, but, instead, filed a motion to amend her complaint for a second time only after the district court dismissed her whistleblowing retaliation claim on summary judgment. Thus, this is not simply a case where there is an imperfect "fit" between a plaintiff's initial judicial complaint and her administrative pleadings. Cf. Ong v. Cleland, 642 F.2d 316, 319 (9th Cir.1981); Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973). As Schneider does not allege that the conduct supporting her harassment and retaliation claims under Title VII was discovered subsequent to administrative proceedings, she had ample opportunity to raise these claims before the MSPB or even in her initial federal complaint. Under the circumstances, we cannot say the district court committed reversible error in denying Schneider's motion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Rodney E. Slater, is substituted for his predecessor, Federico Pena, as Secretary of Transportation. Fed.R.App.P. 43(c)(1)
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Schneider's Notice of Appeal indicated that she would also appeal the district court's April 6, 1995 grant of summary judgment on her claim of retaliation for whistleblowing activity. However, Schneider's opening brief did not list this as an issue on appeal and she has offered no argument on this claim, therefore we do not consider it. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988)