Ruth A. FRAZIER, Plaintiff–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Defendant–Appellee.

No. 01–35886.

D.C. No. CV–00–00212–JKS.

United States Court of Appeals, Ninth Circuit.

---

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

Ruth Frazier appeals pro se the district court's summary judgment in favor of the defendants in her action alleging sexual harassment, retaliation, and discriminatory failure to hire based on race and sex under Title VII, and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

The district court properly granted summary judgment on Frazier's sexual harassment claim because she failed to raise a genuine issue of material fact as to whether she was subjected to verbal or physical conduct of a sexual nature. *See Ellison v. Brady*, 924 F.2d 872, 875–6 (9th Cir.1991).

The district court properly granted summary judgment on Frazier's retaliation claim because Frazier failed to exhaust her administrative remedies with respect to that claim. *See Ong v. Cleland*, 642 F.2d 316, 318 (9th Cir.1981).

The district court properly granted summary judgment on Frazier's discriminatory failure to hire claims because Frazier failed to raise a genuine issue of material fact as to whether she was qualified for the position for which she applied. *See*

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The district court properly granted summary judgment on Frazier's disparate impact claim because she failed to present any evidence that the defendant's hiring practices had a significantly discriminatory impact upon a protected class. *See Conn. v. Teal*, 457 U.S. 440, 446, 102 S.Ct. 2525, 73 L.Ed.2d 130 (1982).

Frazier's remaining contentions on appeal are deemed waived because she did not raise them before the district court. *See Dodd v. Hood River Cty.*, 59 F.3d 852, 863 (9th Cir.1995).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.