UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1955

VIENNA D. SPENCER,

Plaintiff - Appellant,

versus

JOHN ASHCROFT, Attorney General,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonard D. Wexler, Senior District Judge, sitting by designation.  (CA-03-515-1)

Submitted:  August 26, 2005          Decided:  September 21, 2005

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donna W. Rucker, DUBOFF & ASSOCIATES, Silver Spring, Maryland, for Appellant.  Paul J. McNulty, United States Attorney, Rachel C. Ballow, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

After twenty years of employment at the Drug Enforcement Agency ("DEA"), Vienna D. Spencer left her position as an employee relations specialist in the DEA's Office of Personnel in 1998. Although Spencer applied for disability retirement, she claimed that she did so because the DEA failed to provide her with reasonable accommodations that would have enabled her to continue to perform her job. Accordingly, Spencer filed suit against Appellee John Ashcroft, Attorney General (the "Attorney General"), alleging: (1) a violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-797 (2000) (the "Rehabilitation Act"), based on her employer's failure to provide reasonable accommodations; (2) a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2000) ("Title VII"), based on her race (African-American); and (3) that she had been constructively discharged from the DEA because she was forced to work without reasonable accommodations.

On June 22, 2004, a jury trial was held and on June 24, 2004, the jury returned a defense verdict on the two counts submitted to it for decision. First, the jury found that Spencer was unable to perform the essential functions of her job, with or without reasonable accommodations. Second, the jury found that Spencer was not intentionally discriminated against on the basis of her race. Spencer's final claim, constructive discharge, was not

before the jury because the district court had previously dismissed that charge because Spencer failed to exhaust available administrative remedies.  We affirm.

Spencer's first issue on appeal is that the jury's verdict was against the weight of the evidence.  Spencer, however, failed to move for judgment as a matter of law at the close of the evidence.  Thus, this court's review is limited to "whether there was <u>any</u> evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice.'" <u>Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp.</u>, 41 F.3d 182, 187 (4th Cir. 1994).

Moreover, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency."  § 794(a).  The Rehabilitation Act imposes on agencies a duty to provide "reasonable accommodations" to a disabled employee who could perform a job's essential functions with such accommodations, unless the provision of accommodations would place an "undue hardship" on the agency. 42 U.S.C. § 12112(b)(5)(A) (2000).  Based on a careful review of

this record, we find that ample evidence supports the jury's verdict.

Spencer next argues that certain comments of the district court prevented her from receiving a fair and impartial trial. Because "[i]t was the jury, not the trial judge, that found" for Spencer, "to argue that she was deprived of a fair trial," Spencer must show that the judge's comments "somehow affected the outlook or deliberations of the jurors." Rowsey v. Lee, 327 F.3d 335, 342 (4th Cir. 2003). Although Spencer did not object at trial to the court's comments, "where a trial judge's comments were so prejudicial as to deny a party an opportunity for a fair and impartial trial, the absence of objections will not preclude this Court's review since counsel will be loathe to challenge the propriety of a trial judge's utterances for fear of antagonizing him and thereby prejudicing a client's case." Stillman v. Norfolk & W. Ry. Co., 811 F.2d 834, 839 (4th Cir. 1987). The Supreme Court, however, has ruled that "expressions of impatience, dissatisfaction, annoyance, and even anger"--an accurate description of all of the comments to which Spencer now objects--do "[not] establish[ ] bias or partiality" on the part of a judge. Liteky v. United States, 510 U.S. 540, 555-56 (1994). Against this background, and again, a comprehensive review of this record, we find that Spencer did not demonstrate that she was prejudiced by the trial judge's comments. Moreover, the judge's lengthy

instructions, both at the beginning and end of the trial, that "[n]othing the Court may say or do during the course of the trial is intended to indicate nor should be taken by you as an indication of what your verdict should be" cured any prejudice that might have arisen from these comments. See, e.g., United States v. Villarini, 238 F.3d 530, 537 (4th Cir. 2001) (citations omitted).

Finally, Spencer contends that the district court improperly dismissed her claim for constructive discharge. The Rehabilitation Act expressly incorporates the standards of the Americans with Disabilities Act (ADA). § 794(d). The ADA, in turn, follows the "powers, remedies and procedures" set forth in Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. § 12117(a) (2000). Thus, like a Title VII plaintiff, Spencer was required to exhaust her administrative remedies before instituting a lawsuit. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-32 (1976).

Exhaustion of administrative remedies may be satisfied where the claim in question is sufficiently related to properly exhausted claims to be within the scope of a reasonable investigation. See, e.g., Ong v. Cleland, 642 F.2d 316, 319 (9th Cir. 1981) (absence of perfect "fit" between administrative complaint and Title VII charge not necessarily fatal, especially since Title VII's procedural requirements are not to be interpreted too technically or applied too mechanically). Nevertheless, the

Supreme Court has made clear that a claim for constructive discharge is not necessarily saved by the "continuing violations" doctrine.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (termination and failure to promote acts are discrete acts requiring exhaustion); see also Young v. Nat'l Ctr. for Health Serv. Research, 828 F.2d 235, 237-38 (4th Cir. 1987) (citations omitted) (constructive discharge is a discrete discriminatory act requiring administrative exhaustion).  We find that Spencer failed to demonstrate that her claim for constructive discharge was "imbedded" within her EEO complaint.  As a result, this claim is without merit.

Accordingly, we affirm the judgment in favor of the Attorney General, in addition to the dismissal of Spencer's claim for constructive discharge.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED