Johnnie L. BROWN, Plaintiff— Appellant,

v.

John E. POTTER, Postmaster General, Defendant—Appellee.

No. 06–16976.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 10, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Johnnie L. Brown, Oakland, CA, pro se.

Tracie L. Brown, Esq., Katherine B. Dowling, Aus, USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Johnnie L. Brown appeals pro se from the district court's partial summary judgment and judgment after a bench trial in her action alleging employment discrimination and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo. *Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 966 (9th Cir.2002). We review findings of fact after a bench trial for clear error, and conclusions of law de novo. *Lentini v. Cal. Ctr. for the Arts, Escondi-*do, 370 F.3d 837, 843 (9th Cir.2004). We affirm.

The district court properly granted summary judgment on Brown's constructive termination claim because Brown did not exhaust her administrative remedies as to that claim. *See Ong v. Cleland,* 642 F.2d 316, 318–19 (9th Cir.1981) ("Whether a plaintiff has in fact exhausted his or her administrative remedies depends on an analysis of the fit between the administrative charges brought and investigated and the allegations of the subsequent judicial complaint.") (internal quotation marks omitted).

The district court did not err by entering judgment for defendant on Brown's retaliation claim because she presented no credible evidence that the treatment she received at work was retaliation for filing employment complaints, and no evidence that the defendant's proffered non-retaliatory reasons for its actions were pretextual. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir.2002) (Title VII retaliation claim requires a causal link between the protected activity and the adverse employment action); *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028–29 n. 6 (9th Cir. 2006) (explaining that a plaintiff cannot establish pretext by solely relying on subjective belief); *see also Equal Employment Opportunity Comm'n v. Bruno's Restaurant,* 13 F.3d 285, 289 (9th Cir.1993) ("The district court is in the best position to judge credibility and we defer to its judgment.").

We will not consider Brown's contentions regarding her claims of disparate treatment on the basis of race and hostile

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

work environment because Brown's counsel stipulated at the summary judgment hearing that those claims were not before the district court. *See Harik v. Cal. Teachers Ass'n,* 326 F.3d 1042, 1052 (9th Cir.2003) (issues abandoned in district court will not be considered on appeal). Further, Brown's contentions regarding her counsel's performance are unavailing because "[g]enerally, a plaintiff in a civil case has no right to effective assistance of counsel." *Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985).

Brown's remaining contentions are unpersuasive.

**AFFIRMED.**