**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRIS L. WINNS, | No.   22-16842 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-04264-VKD |
| v. | |
| LOUIS DEJOY, Postmaster General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge, Presiding

Submitted January 8, 2024**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges

Harris Winns appeals pro se from the district court's summary judgment in

favor of Louis DeJoy in Winns's action for discrimination and retaliation. *See* 42

U.S.C. § 2000e-16(c).  He also appeals the district court's denial of his motion to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

amend and his motion for terminating sanctions. We review the summary judgment de novo,[1] and denial of leave to amend and sanctions for abuse of discretion.[2] We have jurisdiction,[3] and we affirm.

The district court did not err in granting summary judgment on Winns's discrimination and retaliation claims. It correctly construed Winns's action as one for discrimination and retaliation based on his 2015 termination because, as to the 2014 removals, Winns did not seek enforcement of the administrative disposition as a whole or a de novo determination of his claims. *See Carver v. Holder*, 606 F.3d 690, 696–97 (9th Cir. 2010). The district court also properly concluded that Winns failed to exhaust his administrative remedies as to his 2015 claim pursuant to 29 C.F.R. § 1614.105(a)(1). *See Lyons*, 307 F.3d at 1105. Winns's administrative appeal of the 2014 removals did not toll the time he had to initiate proceedings as to the 2015 termination because the latter was a discrete act. *See* 29 C.F.R. § 1614.302(b); *Lyons*, 307 F.3d at 1106–08. And his other arguments as to

---

[1] *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002).

[2] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461, 110 L. Ed. 2d 359 (1990) (review of sanctions determination under Fed. R. Civ. P. 11); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (denial of leave to amend); *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (review of sanctions determination under court's inherent power).

[3] *See* 28 U.S.C. §§ 636(c)(1), (3), 1291.

administrative exhaustion are unavailing because in the administrative proceedings, he did not challenge the dismissal of his 2015 claim as untimely. *See Ong v. Cleland*, 642 F.2d 316, 320 (9th Cir. 1981).

Nor did the district court abuse its discretion by denying Winns leave to amend his complaint because amendment would have been futile. *See Ebner*, 838 F.3d at 968. The claims he sought to add were already pled or could not be pled because they effectively stated an employment discrimination claim as to which 42 U.S.C. § 2000e-16(c) was Winns's exclusive remedy. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829–35, 96 S. Ct. 1961, 1966–69, 48 L. Ed. 2d 402 (1976); *Brock v. United States*, 64 F.3d 1421, 1424 (9th Cir. 1995).

Finally, denying Winns's motion for terminating sanctions was not an abuse of discretion. Winns merely pointed to possible inaccuracies in the Alternative Dispute Resolution Specialist Report, but did not show that it was fabricated or submitted in bad faith. *See* Fed. R. Civ. P. 11(b); *Conn v. Borjorquez*, 967 F.2d 1418, 1420–21 (9th Cir. 1992); *cf. Anheuser-Busch*, 69 F.3d at 348.

We decline to consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**