Michael GALLEGO, Petitioner-Appellant,

v.

ARTHUR G. McKEE & CO., and Pipe Fitters Union, Local 741, Respondents-Appellees.

No. 76–2479.

United States Court of Appeals, Ninth Circuit.

Jan. 25, 1977.

As Amended March 24, 1977.

---

**22.** *Id.* at 91.

**23.** *Id.* at 95.

**24.** *Id.*

**25.** *Id.* at 91–92.

John D. Kaufman, Tucson, Ariz., for petitioner-appellant.

Robert O. Lesher, of Lesher, Kimble, Rucker & Lindamood, Tucson, Ariz., Joe W. Contreras, of Ward & Contreras, Phoenix, Ariz., for respondents-appellees.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

In late June 1974, appellant Gallego filed a complaint with the Equal Employment Opportunity Commission charging that he had been discriminated against by being laid off from his job ahead of several cauca-

sians with less seniority. The EEOC assumed jurisdiction over the charge on July 1, 1974. On August 9, 1974, the EEOC forwarded to the Civil Rights Division of the Arizona Department of Law a copy of the charges for their "information" and "pursuant to Section 1601.12(d)(2) of Title 29." After the issuance of a Right to Sue letter by the EEOC on December 10, 1975, appellant filed suit in federal district court. On May 10, 1976, the district court dismissed the suit on the ground that the state deferral requirements of 42 U.S.C. § 2000e–5(c) (1970) had not been complied with. Gallego appeals that dismissal.

We agree with the district court that the "letter of August 9, 1974, notifying the Arizona Civil Rights Division of Mr. Gallego's charge of discrimination was not a deferral, but merely a courtesy letter to advise the State Agency of the pending E.E.O.C. charge." At the time the letter was sent, the EEOC did not believe that section 2000e–5(c) required deferral to the State of Arizona. The letter was not meant to be a deferral. It was sent "pursuant" to a statute having nothing to do with deferral of EEOC charges and manifested no deference to the state agency with respect to the charge.[1]

The district court erred, however, in dismissing appellant's action. As a matter of equity, where the EEOC has failed to follow section 2000e–5(c), the district court should retain jurisdiction for a period of time sufficient to allow the EEOC to notify the appropriate state agency and to allow that agency the statutory deferral period in which to act. If the state agency elects not to act, the district court should then proceed as the rights of the parties demand. *See Motorola, Inc. v. EEOC*, 460 F.2d 1245 (9 Cir. 1972).

---

1. The letter read in its entirety: "Pursuant to Section 1601.12(d)(2) of Title 29, as amended, in the Federal Register, Vol. 38, No. 121, the enclosed copies of charges of employment discrimination received in this office are forwarded to you for your information.

"You will note that some charges may contain a notation by the charging party indicat-ing that a complaint was previously filed with your agency. We would appreciate a report from you whether the charge was investigated, result of the investigation, or any other information regarding the complaint.

"Thank you for your cooperation in this matter."

We reverse and remand to the district court for an order consistent with this opinion.

REVERSED AND REMANDED.