600 F.2d 232
 20 Fair Empl.Prac.Cas. 172,
20 Empl. Prac. Dec. P 30,084
Michael J. TYLER, on behalf of himself and all persons
similarly situated, Plaintiff-Appellant,
v.
REYNOLDS METALS COMPANY, a Delaware Corporation, Defendant-Appellee.
 No. 76-2361.
 United States Court of Appeals,
Ninth Circuit.
 July 5, 1979.
 
 Steven L. Parker (argued), and Henry L. Zalut, Phoenix, Ariz., for plaintiff-appellant.
 Philip E. von Ammon (argued), of Fennemore, Craig, von Ammon & Udall, Phoenix, Ariz., for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before ELY and TANG, Circuit Judges, and ORRICK,* District Judge.
 PER CURIAM.
 
 
 1
 On December 27, 1973, Michael Tyler, a black male, filed a complaint with the Equal Employment Opportunity Commission (EEOC). Tyler charged that his employer, Reynolds Metal Co. (Reynolds), had terminated his employment while he was off the job due to illness, although it did not terminate white employees similarly on sick leave. Tyler filed a second charge with the EEOC on January 9, 1974, claiming that Reynolds, by refusing to rehire him, had retaliated against him for filing the first charge. The EEOC assumed jurisdiction over each complaint on the day it was filed. On December 7, 1973 and January 9, 1974 the EEOC sent to the Arizona Civil Rights Commission (ACRC) copies of the charges for their "information". Copies of the charges were not served on Reynolds until November 7, 1974. Tyler received his right to sue letter on January 23, 1976, and filed this action on February 2, 1976.
 
 
 2
 In his action, Tyler alleged that Reynolds had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1-2000e-17 (1970), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (1970), through its discriminatory employment practices. The district court dismissed the Title VII claim, holding that Tyler had failed to comply with the state agency deferral requirements of 42 U.S.C. § 2000e-5(c). It dismissed Tyler's § 1981 claim as untimely on the ground that the one-year period allowed by the applicable state statute of limitations, Ariz.Rev.Stat.Ann. § 12-541(3), had elapsed. Tyler appeals.
 
 
 3
 * THE TITLE VII CLAIM
 
 
 4
 Despite Tyler's arguments to the contrary, the district court was correct in determining that the ACRC is a proper deferral agency within the meaning of 42 U.S.C. § 2000e-5(e), Motorola, Inc. v. EEOC, 460 F.2d 1245, 1246 (9th Cir. 1972), and that the "informational" letters sent by the EEOC to the ACRC were "courtesy communications" that were insufficient to constitute deferrals. Gallego v. Arthur G. McKee & Co., 550 F.2d 456, 457 (9th Cir. 1977). We disagree, however, with the district court's disposition of the claim. We have previously held that where the EEOC has failed to follow42 U.S.C. § 2000e-5(c) the district court should not dismiss the action. Instead it
 
 
 5
 . . . should retain jurisdiction for a period of time sufficient to allow the EEOC to notify the appropriate state agency and to allow that agency the statutory deferral period in which to act. If the state agency elects not to act, the district court should then proceed as the rights of the parties demand.
 
 
 6
 Gallego, 550 F.2d at 457. See Ramirez v. National Distillers & Chemical Corp., 586 F.2d 1315, 1320 (9th Cir. 1978). Therefore, we reverse the district court's dismissal of the Title VII claim and remand it for further proceedings.
 
 II
 THE § 1981 CLAIM
 
 7
 Because there is no specific or otherwise relevant federal statute of limitations for causes of action brought under § 1981, the most appropriate state limitations provision is ordinarily applicable. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); Shouse v. Pierce County, 559 F.2d 1142, 1146 (9th Cir. 1977). The parties agree on this basic principle, but disagree on what the appropriate statute is. Tyler argues that the relevant statute is Ariz.Rev.Stat. § 12-543(1), which provides a three-year statute of limitations for breach of an oral contract. Reynolds contends that the appropriate statute is either Ariz.Rev.Stat.Ann. § 12-541(3), which provides a one-year statute of limitations for actions founded on a liability based on statute, or Ariz.Rev.Stat. § 41-1481, which allows a one-year period in cases of employment discrimination.
 
 
 8
 " The state limitations statute that we have repeatedly borrowed is a statute that prescribes the limitations for actions founded on a liability created by statute." Shouse, 559 F.2d at 1146-47. See Mason v. Schaub,564 F.2d 308, 309 (9th Cir. 1977). Therefore, we apply the one-year period contained in Ariz.Rev.Stat. § 12-541(3) for actions based on liability created by statute. Because Tyler filed his suit more than two years after his cause of action arose, the district court correctly dismissed his § 1981 claim.
 
 
 9
 Affirmed in part, reversed in part and remanded for further proceedings.
 
 
 
 *
 Honorable William H. Orrick, Jr., District Judge for the Northern District of California, sitting by designation