625 F.2d 842
 23 Fair Empl.Prac.Cas. 709,
23 Empl. Prac. Dec. P 31,136
Delia Arellano HEINIGER; Beulah Perrault, Dianne Crosby, on
behalf of themselves and all persons similarly
situated; Bobby S. Peru; Shirley A.
McCuin and Donna Patton,
Plaintiffs-Appellants,
v.
CITY OF PHOENIX, Defendant-Appellee.
 No. 78-1315.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 17, 1980.
Decided July 21, 1980.
 
 Ronald J. Logan, Logan & Aguirre, Phoenix, Ariz., for plaintiffs-appellants.
 Richard S. Cohen, Phoenix, Ariz., argued, for defendant-appellee; Lewis & Roca, John P. Frank, Phoenix, Ariz., on brief.
 Appeal from the United States District Court for the District of Arizona.
 Before ANDERSON and FLETCHER, Circuit Judges, and ZIRPOLI, District Judge*.
 FLETCHER, Circuit Judge:
 
 
 1
 This appeal from an order of summary judgment entered against two of six named plaintiffs in a Title VII[1] employment discrimination suit raises the sole issue whether Title VII plaintiffs who contact an attorney before filing charges with the Equal Employment Opportunity Commission (EEOC) must be held to a higher standard of compliance with Title VII's procedural requirements than plaintiffs who file charges unassisted by counsel. The district court held that appellants Delia Heiniger's and Dianne Crosby's failure strictly to observe a Title VII provision regarding exhaustion of state administrative remedies divested the court of subject matter jurisdiction. We note jurisdiction under 28 U.S.C. § 1291 (1976) and reverse and remand.
 
 I. PROCEDURAL BACKGROUND
 
 2
 Appellant Delia Heiniger filed timely charges of employment discrimination with the EEOC against the City of Phoenix on March 18, 1974, and June 7, 1974. She had received the advice of counsel before filing. On both occasions the City was notified of the charges and copies of the charges were forwarded to the Arizona Civil Rights Division (ACRD). The ACRD took no action with respect to either charge, but the EEOC made a finding of reasonable cause and issued a determination letter in which Heiniger was informed that deferral and all other jurisdictional requirements had been met. After conciliation attempts failed the EEOC issued a right to sue letter,[2] enabling Heiniger timely to file this action in the United States District Court for the District of Arizona on May 7, 1975.
 
 
 3
 Appellant Dianne Crosby filed a timely charge of employment discrimination with the EEOC against the City of Phoenix on November 24, 1974. She had contacted an attorney before filing. The EEOC notified the City and forwarded a copy of the charge to the ACRD. The ACRD took no action with respect to the charge. Without making a finding of reasonable cause, the EEOC issued Crosby a right to sue letter and she joined Heiniger in bringing this action.[3] On June 20, 1975, the EEOC transmitted notices of deferral to the ACRD regarding both Heiniger's and Crosby's charges.
 
 
 4
 The City filed a motion for partial summary judgment pursuant to rule 54(b) of the Federal Rules of Civil Procedure requesting dismissal of the claims of plaintiffs Heiniger and Crosby on jurisdictional grounds because of their failure to file charges of discrimination with the ACRD prior to filing with the EEOC. The district court granted the motion, finding that, in light of their representation by counsel, the plaintiffs' failure to file charges with the ACRD was a deliberate and conscious waiver of their rights to apply first to a state agency. The court concluded as a matter of law that the waiver barred plaintiffs from bringing this action in federal district court.
 
 II. STANDARD OF REVIEW
 
 5
 A reviewing court will affirm a grant of summary judgment only if it appears from the record, after viewing all evidence and factual inferences in the light most favorable to the appellant, that there are no genuine issues of material fact and that the appellee is entitled to prevail as a matter of law. Garter-Bare Co. v. Munsingwear, Inc., 622 F.2d 416, at 422 (9th Cir. 1980). As noted, supra, the district court's order of summary judgment contained findings of fact. Appellee urges throughout its brief that the findings are not clearly erroneous. The City misperceives both the proper standard of review of summary judgment and the limited purposes of findings of fact in a summary judgment proceeding. Findings of fact on summary judgment perform the narrow functions of pinpointing for the appellate court those facts which are undisputed and indicating the basis for summary judgment; they are not findings of fact in the sense that the trial court has weighed the evidence and resolved disputed factual issues. As the findings are not entitled to deference upon review, the clearly erroneous standard is simply inapplicable. See Garter-Bare Co. v. Munsingwear, Inc., at 422-425, (Wallace, J., concurring); Zweig v. Hearst Corp., 594 F.2d 1261, 1264 (9th Cir. 1979).[4]
 
 
 6
 III. EXHAUSTION OF STATE ADMINISTRATIVE REMEDIES
 
 
 7
 Section 706(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(c) (1976), provides in relevant part that where an allegedly unlawful employment practice occurs in a state which has both a law prohibiting the practice and an established authority to grant or seek relief from the practice, the person aggrieved may not file a charge with the EEOC until sixty days after commencement of proceedings under state law. The purpose of this provision is to give state agencies a limited opportunity to resolve employment discrimination problems and render resort to federal relief unnecessary. Oscar Mayer & Co. v. Evans, 441 U.S. 750, 755-56, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979) (discussing an identical provision in the Age Discrimination in Employment Act); Love v. Pullman Co., 404 U.S. 522, 526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972).
 
 
 8
 The Court of Appeals for the Ninth Circuit has held repeatedly that compliance with section 706(c) is not a jurisdictional prerequisite to the institution of a Title VII suit and that in order to allow plaintiff to remedy the procedural oversight the district court should retain jurisdiction for a period of time sufficient to allow the EEOC to notify the state agency of the charges and allow the agency time to act. Tyler v. Reynolds Metals Co., 600 F.2d 232, 234 (9th Cir. 1979); Ramirez v. National Distillers & Chemical Corp., 586 F.2d 1315, 1320 (9th Cir. 1978); Gallego v. Arthur G. McKee & Co., 550 F.2d 456 (9th Cir. 1977); Waters v. Heublein, Inc., 547 F.2d 466, 468 (9th Cir. 1976), cert. denied, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977); Equal Employment Opportunity Commission v. Wah Chang Albany Corp., 499 F.2d 187, 190 (9th Cir. 1974); Oubichon v. North American Rockwell Corporation, 482 F.2d 569, 571 (9th Cir. 1973). These decisions rest on a Supreme Court decision in which the Court refused to allow technical noncompliance with the procedural intricacies of section 706 to deprive a plaintiff of his opportunity for judicial vindication of his rights. Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).[5]
 
 
 9
 Appellee tries to escape the force of precedent by contending that Love created an exception to the requirements of section 706(c) based solely on equitable considerations that are not present in the instant case. It is appellee's theory that because Heiniger and Crosby had received the advice of counsel before filing charges with the EEOC they would be held to a standard of strict compliance with all technical requirements. As authority the City relies on language in Love stating that procedural technicalities "are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." 404 U.S. at 527, 92 S.Ct. at 619. We think the appellee reads too much into the Court's statement and, further, overlooks the significance of the word "particularly," which suggests that strict adherence to the section 706(c) requirement is not mandated in any event but that the case for leniency is especially compelling where the aggrieved party acts without legal assistance. We agree with the observation of the Court of Appeals for the Fifth Circuit in Sanchez v. Standard Brands, 431 F.2d 455 (5th Cir. 1970), that although courts must be vigilant to insure that Title VII's protections are extended to "even the most unlettered and unsophisticated," 431 F.2d at 463, the educational level of a Title VII plaintiff is irrelevant. The court quite accurately commented:
 
 
 10
 The point is that some charging parties are uneducated and inarticulate, and the procedural rules we develop in this case and in others must be sufficiently liberal to protect their rights. . . . In the context of Title VII, no one not even the unschooled should be boxed out.
 
 
 11
 Id.
 
 
 12
 Appellee asserts correctly that Title VII explicitly requires a charging party to file initially with the appropriate state agency and that the deferral process whereby EEOC forwards the charges to the state agency is merely an EEOC-created procedure designed to protect laymen.[6] The Supreme Court, however, in giving the procedure its imprimatur in Love, did not restrict its applicability to charges brought by laymen unassisted by counsel. Neither have subsequent Ninth Circuit decisions imposed such restrictions. As appellant suggests, counsel aware of these decisions would probably advise a client that it is necessary to file charges only with the EEOC.
 
 
 13
 Thus we cannot agree with the district court that Heiniger's and Crosby's failure to file charges of discrimination initially with the ACRD reflected a deliberate and conscious waiver of their rights to seek state administrative relief. We hold that the availability of counsel does not foreclose appellants from reasonable reliance on EEOC-established procedures designed to insure compliance with Title VII's exhaustion requirements and thus minimize the risk of accidental forfeiture of valuable federal rights. See Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); 29 C.F.R. § 1601.12(a)(5) (1979).
 
 
 14
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Alfonso J. Zirpoli, Senior United States District Judge, District of Northern California, sitting by designation
 
 
 [1]
 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-15 (1976)
 
 
 [2]
 See § 706(f)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) (1976)
 
 
 [3]
 The complaint was originally filed by three plaintiffs. It was later amended to add three others
 
 
 [4]
 We note, furthermore, that the findings were drafted by counsel for the City and adopted verbatim by the district court. Thus we scrutinize them with greater than usual care. See Garter-Bare Co., supra, 421-422; Photo Electronics Corp. v. England, 581 F.2d 772, 776-77 (9th Cir. 1978)
 
 
 [5]
 We note that the recent opinion in Mohasco Corp. v. Silver, --- U.S. ----, 100 S.Ct. 2486, 65 L.Ed.2d ---- (1980), although implicitly viewing the question of timeliness of filing as more than a matter of mere technical compliance with section 706, did not purport to impair the continued vitality of the principles expressed in Love. Timeliness is not at issue here. Accordingly, we view the latter case, and those decided thereunder by this court, as dispositive of the matters now before us
 
 
 [6]
 At the time appellants Heiniger and Crosby filed charges with the EEOC, Arizona was one of six states whose powers to remedy employment discrimination were considered by the EEOC to be inadequate, and thus the ACRD was not entitled to "deferral" status as a "706 Agency" within the meaning of 29 C.F.R. § 1601.12(c) (1974). See Gallego v. Arthur G. McKee & Co., 550 F.2d 456 (9th Cir. 1977). Thus EEOC practice at that time would have been merely to notify the state agency that charges had been filed, 29 C.F.R. § 1601.12(e) (1974); the EEOC would not have deferred to the agency. On March 3, 1975, the Arizona Civil Rights Division was designated as a § 706 agency for deferral purposes. 40 Fed.Reg. 8818 (1975). The charges of Heiniger and Crosby were formally referred to the state agency on June 20, 1975