BRICKLAYERS' HEALTH AND WELFARE TRUST FUND OF the INLAND EMPIRE, SAN BERNARDINO AND RIVERSIDE COUNTIES, and Angelo Posadas, Robert Loncar, George Gusky, James H. Seeley, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

v.

BRICK MASONS' HEALTH AND WELFARE TRUST FUND; John Acosta, Robert Hatch, David Rodriguez, Louie Nelson, Frank Collins, and David Harrington, Trustees, Defendants-Appellees.

No. 78-3626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1980.

Decided Sept. 25, 1981.

James G. Johnson, Hill, Farrer & Burrill, Los Angeles, Cal., for plaintiffs-appellants.

Thomas P. Burke, Andrew B. Kaplan, Pettit & Martin, Los Angeles, Cal., for defendants-appellees.

Before CHAMBERS, HUG and PREGERSON, Circuit Judges.

HUG, Circuit Judge:

A group of employers and several local chapters of the Brick Masons and Plasterers International Union (the Union) entered into a trust agreement establishing the Brick Masons' Health and Welfare Trust Fund (the Brick Masons' Fund) to provide benefits for employees under their collective bargaining agreements. Another group of employers in San Bernardino, and Local No. 20 of the Union, became additional signators to the trust agreement so as to provide benefits for employees under their collective bargaining agreement. Approximately six years later, the San Bernardino employer group and Local No. 20 withdrew and formed their own health and welfare fund, denominated the Bricklayers' Health and Welfare Trust Fund (the Bricklayers' Fund). This suit involves an effort to require the Brick Masons' Fund to pay to the newly-established Bricklayers' Fund a pro rata portion of the unallocated reserves attributable to contributions made by the San Bernardino employer group for the employees covered by their collective bargaining agreements with Local No. 20 for the six-year period before withdrawal.

The complaint alleged jurisdiction under section 502 of ERISA, 29 U.S.C. § 1132. The Brick Masons' Fund contended that the court lacked subject matter jurisdiction because the plaintiffs were not persons empowered to bring an action under that statute. The district court held that the former participants in the Brick Masons' Fund were entitled to bring an action against the Fund on behalf of themselves and all persons similarly situated. The district court thus found that subject matter jurisdiction existed but granted summary judgment on the basis that under the terms of the trust agreement the former participants were not entitled to the relief requested.

The central issues on appeal are whether the district court had subject matter jurisdiction, and if so whether terms of the trust agreement preclude the relief sought by appellants.

I

*Facts*

In 1960 the Mason Contractors' Exchange of Southern California, Inc. and Locals 2, 13, 15 and 26 of the Union established the Brick Masons' Fund to provide health and welfare benefits to the employees of contributing employers. In 1969 the Brick Masons' Fund permitted the employers that were members of the San Bernardino County Chapter of the Mason Contractors' Exchange of Southern California, Inc. and Local No. 20 of the Union to participate in the Brick Masons' Fund. The San Bernardino group employers made fringe benefit contributions to the Fund on behalf of their employees based upon the hours of work that their employees performed. In return, the Brick Masons' Fund provided health and welfare benefits to the employees for whom the contributions were made. In September, 1970 the Agreement and Declaration of Trust of the Brick Masons' Fund was amended to provide:

> In the event any signatory party to this Agreement shall for any reason cease to be a party to this Agreement, this Agreement and the Funds shall continue for the benefit of the other parties signatory who shall continue to be parties to this Agreement, and the parties signatory who cease to be a party to this Agreement shall forfeit any and all rights and interests in the Fund.

In 1976 the union and employer representatives of the San Bernardino group determined that the interests of their respective members would be best served by withdrawing from further participation in the Brick Masons' Fund, and by establishing the separate Bricklayers' Fund. In the intervening years, the San Bernardino group

employers had made fringe benefit contributions on behalf of their employees to the Brick Masons' Fund. During that time, the cost of providing health and welfare benefits proved to be less than the total amount of contributions received by the Brick Masons' Fund. The surplus contributions realized during this period were maintained in an account denominated "unallocated reserve funds."

Having negotiated unsuccessfully for a pro rata share of the unallocated reserves of the Brick Masons' Fund that accumulated during the years of appellants' association with the Brick Masons' Fund, the Bricklayers' Fund sued, under ERISA, for an accounting, for breach of fiduciary duty and for declaratory relief. The district court dismissed the original suit for lack of subject matter jurisdiction because the Bricklayers' Fund was not a "participant, beneficiary or fiduciary" within the meaning of ERISA section 502, 29 U.S.C. § 1132.[1] The court granted leave to amend the complaint, and an amended complaint was then filed. In the amended complaint, the Bricklayers' Fund, two former participants in the Brick Masons' Fund and two former trustees of the Brick Masons' Fund brought an action, on behalf of themselves and all persons similarly situated, against the Brick Masons' Fund and its current trustees for an accounting, breach of fiduciary duty and declaratory relief. On cross-motions for summary judgment, the district court held that only the former participants in the

Brick Masons' Fund were entitled to sue under section 502 of ERISA, 29 U.S.C. § 1132. Having found jurisdiction over the suit by these plaintiffs, however, the court granted summary judgment for the Brick Masons' Fund on the basis that the forfeiture provision quoted above precluded the relief sought. The district court also held that the provision did not contravene the nonforfeiture provisions of ERISA, 29 U.S.C. §§ 1002(19) and 1053.

## II

### Subject Matter Jurisdiction

■ Three categories of plaintiffs sued in the district court: the Bricklayers' Fund, former Brick Masons' trustees, and former participants in the Brick Masons' Fund. Section 1132 provides that the Secretary of Labor, or participants, beneficiaries or fiduciaries of an employee benefit plan may bring a civil enforcement action. The Secretary of Labor is not a party, and thus our inquiry is whether any of the plaintiffs fall into the category of "participants, beneficiaries or fiduciaries." Because we agree with the district court that the former participants are entitled to sue under section 1132, we need not address the question of whether the Bricklayers' Fund and the former Brick Masons' trustees are proper plaintiffs within the statutory classifications.

The former participants in the Brick Masons' Fund have standing to sue under sec-

---

1. Section 1132 provides in part:
   (a) A civil action may be brought—
   (1) by a participant or beneficiary—
   (A) for the relief provided for in subsection (c) of this section, or
   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
   (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
   (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress

such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
   (4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;
   (5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or
   (6) by the Secretary to collect any civil penalty under subsection (i) of this section.

tion 1132 by virtue of their status as "participants" in the fund as defined under 29 U.S.C. § 1002(7). That section of ERISA defines "participant" as "any employee . . . or former member of an employee organization, who is or may become eligible to receive a benefit *of any type* from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries .may be eligible to receive any such benefit." 29 U.S.C. § 1002(7) (emphasis added). The former participants allege that they are entitled to receive certain benefits from the Brick Masons' Fund; they are therefore participants for jurisdictional purposes.

### III

### *Summary Judgment*

We next consider whether the district court's grant of summary judgment against these plaintiffs was proper. We will affirm a grant of summary judgment "only if it appears from the record, after viewing all evidence and factual inferences in the light most favorable to the appellant, that there are no genuine issues of material fact and that the appellee is entitled to prevail as a matter of law." *Heiniger v. City of Phoenix*, 625 F.2d 842, 843 (9th Cir. 1980); *see* Fed.R.Civ.P. 56(c).

### A. *Contract Claims*

■ The district court found that the forfeiture provision on its face "unambiguously provides that *all* rights and interests in the Brick Masons' Trust of withdrawing parties shall be forfeited" (emphasis in original). We. find that the forfeiture provision on its face is not unambiguously dispositive of appellants' claims. The forfeiture provision addresses only the rights of the parties signatory to the trust agreement. We are, however, adjudicating the rights and interests of former employee participants in the Fund, who were not parties signatory, but beneficiaries. The forfeiture provision says nothing about the rights and interests of

former employee participants; and, as such, it cannot be the basis of a summary judgment against them.

■ In reviewing other portions of the trust agreement, we find that, as to the rights and interests of the former participants, there are genuine issues of material fact presented by the terms of the trust agreement. Article IV, section 2(c) of the trust agreement gives the Fund's Board of Trustees the power

> [t]o adopt and amend rules and regulations for the administration of the Fund or the Health and Welfare Plan, including, but not limited to, eligibility rules, termination rules, and any other rules and regulations pertaining to the establishment, administration, and functioning of this Plan, which rules and regulations are not inconsistent with the terms and intent of this Plan or the collective bargaining agreement.

Any rules and regulations adopted by the trustees and the rights of the former participants under such rules and regulations or in the absence of such rules and regulations would be matters to be determined at trial. For example, Article VII, section 3 specifies that should the Fund be terminated, the trustees are to use any remaining Fund assets to continue existing insurance policies and benefits until the assets are exhausted. Whether the trustees have a corresponding duty, upon withdrawal of some of the trust participants, to continue employee insurance policies and benefits until their pro rata share of the unallocated reserves is exhausted would be a matter for determination. By way of further example, sections 2 and 3 of Article II also present questions of possible application. Section 2 specifies that contributions to the Fund are to be expended "for health, accident and/or life insurance for the benefit of the employees and their dependents." Section 3 provides that "[n]either the Employees, their beneficiaries, Employers, the Union nor any other person shall have any right, title or interest in this Fund other than as specifi-

cally provided by this Agreement, and no part of this Fund shall revert to any Employer, or Employee or Member as such." Whether the withdrawing participants are entitled to have that portion of the unallocated reserves attributable to funds paid in for their benefit utilized to acquire insurance for their benefit is a question that would have to be resolved after the evidence bearing upon the interpretation of the agreement and any applicable rules and regulations has been fully developed.

## B. *Statutory Claims*

■ Appellants argued in the district court that, even if the forfeiture provision is dispositive as a matter of contract interpretation, the provision is unenforceable because it violates ERISA, 29 U.S.C. §§ 1002(19) and 1053. However, those sections only prohibit the forfeiture of vested pension benefits, and the district court properly held that these were not vested benefits. Appellants do not now contest this finding of the district court.

■ On appeal, however, appellants advance for the first time the argument that the trustees' interpretation of the trust agreement violates another ERISA provision, 29 U.S.C. § 1104, and also violates the NLRA, 29 U.S.C. § 186(c)(5). They contend that the Brick Masons' Fund would not then be expended for the exclusive purpose of providing benefits to participants and their beneficiaries as required by those sections, arguing that contributions made for the benefit of the former participants would not be utilized for their benefit. *See Alvares v. Erickson*, 514 F.2d 156 (9th Cir.

1975). Appellants have filed a motion before this court to permit amendment of their complaint in order to allege jurisdiction under the NLRA and to state a claim for relief under these additional statutory sections of the NLRA and ERISA.

Because we remand this case to the district court for further proceedings on the merits of appellants' claims based on the interpretation of the trust agreement itself, the motion to amend the complaint should be addressed to the district court. We note that appellants' arguments in pleadings now before the district court, if construed broadly, may well encompass the ERISA claim under 29 U.S.C. § 1104, and that appellees will likely suffer little additional prejudice on remand if the parallel NLRA claim under 29 U.S.C. § 186(c)(5) is also considered.

Appellants' motion to amend the complaint in this court is DENIED, summary judgment for appellees is REVERSED, and the action is REMANDED to the district court for proceedings consistent with this *opinion.*