703 F.2d 329
 31 Fair Empl.Prac.Cas. 728,
32 Empl. Prac. Dec. P 33,691
Frank ATONIO, Eugene Baclig, Clark Kido, Lester Kuramoto,
Randy Del Fierro, Alan Lew, Curtis Lew, Robert Morris, and
Gene Allen, Viernes on behalf of themselves and all others
similarly situated, Plaintiffs-Appellants,
v.
WARDS COVE PACKING CO., INC. a foreign Corp.; Bumble Bee
Seafoods Inc., a Domestic Corp.; and Columbia
Wards Fisheries, Defendants-Appellees.
 No. 81-3181.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 7, 1982.
Decided March 31, 1982.
 
 Abraham A. Arditi, Seattle, Wash., for plaintiffs-appellants.
 Richard L. Phillips, Douglas M. Duncan, Seattle, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before ANDERSON and ALARCON, Circuit Judges, and CRAIG*, district judge.
 ALARCON, Circuit Judge.
 
 I.
 
 1
 Frank Atonio, et al., [Appellants/Plaintiffs] appeal from the judgment of the district court, dismissing their Title VII action for lack of jurisdiction.
 
 
 2
 Appellants contend that: (1) the appellee, Wards Cove Packing Co., Inc. [Wards] was adequately identified in Appellants' initial Equal Employment Opportunity Commission [EEOC] charge; (2) the Appellants' subsequent amendment of the EEOC charges cured any "naming defects"; (3) the amendments were timely because they related back to the date that the original EEOC charges were filed; (4) the amendments were timely because there were continuing acts of discrimination by Wards; (5) the district court should have allowed Appellants to assert the EEOC Commissioner's charges against Appellees; (6) the district court should have allowed Appellants to amend their complaint to include additional charges of discrimination against Appellees.
 
 
 3
 We reverse the district court's judgment of dismissal as to Appellee Wards. The initial EEOC charges placed Wards on actual notice that employment discrimination charges were being instituted against them.
 
 II.
 
 4
 Wards independently operates two canneries in Alaska, one is Wards Cove and the other is Red Salmon. Columbia is a joint venture comprised of two partners, Wards and Castle and Cooke, Inc. Appellees Wards and Columbia have the same address and share the same offices. A.W. Brindle, president of Wards also serves as a manager of the Columbia joint venture and other Brindle family members manage various Wards and Columbia canneries. In addition, both companies share the same legal staff. Thus, Wards and Columbia have a common home base, a common ownership, a common management and a common legal department. Two appellants incorrectly named "Columbia Wards Packing Co." as the defendant in their original EEOC charges; this was a misnomer that could have referred to either Wards or Columbia. The other Appellants named Columbia as the defendant in their original EEOC charges. Wards contends that because the EEOC charges did not correctly designate them as Appellants' employer that they were not on actual notice that EEOC charges had been filed against them.
 
 
 5
 Clearly, Wards had actual and constructive notice. Appellants contend that in the body of the EEOC charges they identified Wards Cove as the cannery at which they worked. Appellees do not refute this but counter Appellants' allegation with the fact that the correct employer Wards was not named in the charge. Wards Cove was operated by Wards and the EEOC charges were mailed to Wards' office. A.W. Brindle, the president of Wards and a manager of Columbia, during deposition testimony conceded "that as soon as he saw (on the EEOC charge) that an individual worked at the Wards Coves facility that he immediately knew who their proper employer was." Moreover, Mr. Brindle was personally acquainted with some of the Appellants named in the charges and thus could have easily determined the name of the correct employer.
 
 III.
 
 6
 The court initially dismissed Appellants' Title VII claims for lack of jurisdiction because Wards was not the respondent named in the original EEOC charge, as required by 42 U.S.C. Sec. 2000e-5(f)(1) (enforcement provisions).[1] The EEOC regulations, that interpret Sec. 2000e-5(f)(1), use a more flexible approach in determining whether a party has been sufficiently designated in an EEOC charge. These regulations state that "a charge is deemed filed when the Commission receives from the person making a charge a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of." 29 C.F.R. Sec. 1601.11. The court, in determining the adequacy of the EEOC charges should have applied this EEOC regulation. Congress delegated authority to the EEOC to issue procedural regulations to implement the provisions of Title VII. 42 U.S.C. Sec. 2000e-12(a). Lynn v. Western Gillette, Inc., 564 F.2d 1282, 1286 (9th Cir.1977). In the instant case, whether we apply 42 U.S.C. Sec. 2000e-5(f)(1) or 29 C.F.R. Sec. 1601.11, Appellants have adequately defined Wards as the defendant in their original EEOC charge.
 
 
 7
 This court, in Gibson v. Local 40, 543 F.2d 1259, 1263 n. 1 (9th Cir.1976), held that the purpose of 42 U.S.C. Sec. 2000e-5(f)(1) was satisfied when "[a] copy of the charge was mailed to ILWU [the union]. Everyone treated ILWU as a fully participating party [to the litigation]. ILWU did not raise the issue of whether it was named in the charge until the first day of the second trial." In the present case, looking at the totality of the circumstances--the fact that a copy of the charges were mailed to Wards' business address and the commonality of Wards' and Columbia's management, ownership, legal department and offices--it cannot be said that "EEOC and the parties were [not] apprised of both the acts alleged to be discriminatory and the parties allegedly responsible for them." Id.; See Kaplan v. International Alliance of Theatrical and Stage Employees, 525 F.2d 1354, 1358-59 (9th Cir.1975); note, Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1203-04 (1971).
 
 
 8
 In Kaplan, we held that, "[t]he administrative charge [EEOC charge] required by Title VII does not demand procedural exactness. It is sufficient that the EEOC be apprised, in general terms, of the alleged discriminating parties and the alleged discriminatory acts." 525 F.2d at 1359. The Appellants have met these requirements for the reasons heretofor discussed. We reject appellees' attempt to restrict Kaplan to EEOC plaintiffs who filed their charges without the assistance of counsel. On a similar set of facts, in Heiniger v. City of Phoenix, 625 F.2d 842, 844 (9th Cir.1980), appellees alleged that because the appellants had received legal assistance before the filing of EEOC charges, strict compliance with all technical requirements would be mandated. We disagreed and held that, "the availability of counsel does not foreclose appellants from reasonable reliance on EEOC-established procedures designed to insure compliance with Title VII's exhaustion requirements...." Id. at 845. In Heiniger, we cited with approval the observations of the Court of Appeals for the Fifth Circuit, regarding the educational level of the EEOC plaintiff. "The point is that some charging parties are uneducated and inarticulate, and the procedural rules we develop in this case and in others must be sufficiently liberal to protect their rights.... In the context of Title VII, no one--not even the unschooled--should be boxed out." Id. at 845 (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir.1970)). Thus, the level of sophistication of the plaintiff or the fact that they have sought legal counsel does not diminish their right to the protections of Title VII.
 
 
 9
 We noted in Ramirez v. National Distillers & Chemical Corp., 586 F.2d 1315, 1320-21 (9th Cir.1978), that procedural technicalities should not be used to deny a Title VII claimant the right to a judicial hearing on the merits. "In keeping with the remedial goals of the statute, we have repeatedly held that the statute itself, the procedural framework, and the pleadings must be liberally construed in favor of those who are alleged victims of discrimination." Id. at 1321.
 
 
 10
 In sum, Appellants sufficiently identified Wards in their original EEOC charges and the court should have allowed amendments to these charges.
 
 
 11
 The only Appellant employed by Columbia during the relevant time period was Randy del Fierro. Appellant's employment by Columbia was in 1971. Appellant del Fierro did not file his EEOC charge until November 1973. Thus, his charge is time barred, because it was not filed with the EEOC within 180 days after "the alleged unlawful employment practices" occurred, as required by 42 U.S.C. Sec. 2000e-5(e).
 
 
 12
 REVERSED in part AFFIRMED in part and REMANDED for proceedings consistent with this memorandum.
 
 
 13
 The petition for rehearing is denied.
 
 
 
 *
 Hon. Walter E. Craig, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 42 U.S.C. Sec. 2000e-5(f)(1) states as follows:
 If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge....