**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEGGY JONES, | No. 13-15831 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00508-LRH-WGC |
| v. | |
| SCORPIO GOLD (US) CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 10, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Peggy Jones appeals from the district court's dismissal of her action alleging

discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). We

reverse. Because the parties are familiar with the facts and the procedural history,

we need not recount them here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Although a number of arguments were presented to the district court, the only issue on appeal is whether Jones's charge of discrimination to the Equal Opportunity Employment Commission ("EEOC") relates back to a letter and draft complaint she sent to the EEOC through counsel. If so, the charge was timely filed; if not, the filing was untimely.

The contents of a Title VII discrimination charge are governed by 29 U.S.C. § 1601.12. *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 118 (2002). Section 1601.12(b) permits Title VII complainants to "cure technical defects or omissions" in their initial filings, so long as "the person making the charge" timely sent the EEOC "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." An EEOC charge is considered sufficient if it is "in writing . . . name[s] the prospective respondent and . . . generally allege[s] the discriminatory act(s)." *See Federal Express Corp. v. Holowecki*, 552 U.S. 389, 396 (2008) (alteration in original) (citation omitted).

Here, Jones's initial correspondence was "sufficiently precise" to constitute a charge under § 1601.12(b): it identified the accuser and the accused, it alleged the discriminatory action complained of, it contained complete contact information for the accuser's counsel, and it requested remedial action. Though it omitted Jones's phone number and address, this was a "technical defect[] or omission[]" that

2

§ 1601.12(b) permits Jones to cure. When she cured the defects through her subsequent charge, it "relate[d] back to the date the charge was first received." 29 C.F.R. § 1601.12(b). Thus, the otherwise late filed EEOC charge became timely because it related back to her initial letter and draft complaint.

Scorpio's argument that § 1601.12(b) applies only to Title VII complainants who do not retain counsel is unpersuasive. While courts may offer additional leniency to pro se complainants, courts do not impose artificially higher standards when a complainant gets a lawyer. *Heiniger v. City of Phoenix*, 625 F.2d 842, 844 (9th Cir. 1980). Nothing in § 1601.12 or § 1601.7 alters this principle. Nor do equitable tolling cases govern here, as Scorpio asserts. Jones does not rely on relation back as an equitable principle; rather, she relies on it as a provision set forth by regulation. We need not, and do not, reach any other argument asserted by the parties.

**REVERSED AND REMANDED.**