

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EZCONN CORPORATION, a Taiwan Corporation, | Nos. 17-16944 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-00508-NVW |
| v. | |
| PCT INTERNATIONAL, INC., a Nevada Corporation, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 14, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and McKEOWN and GOULD, Circuit Judges.

PCT International, Inc. ("PCT") appeals the district court's grant of

summary judgment to EZconn Corporation ("EZconn").  Because the parties are

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

familiar with the history of the case, we need not recount it here. We review *de novo* the district court's grant of summary judgment, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment. PCT relied, for its contractual theory, on terms and conditions in invoices from 2012–2013. However, PCT only alleged breaches occurring in 2006 and 2011, well-before the 2012–2013 invoices were issued. And PCT did not even provide copies of the 2012–2013 Purchase Orders to the district court, instead relying on one statement from Julia Wang, an EZconn sales manager, to support its claims. Wang merely stated "sometimes [a purchase order] came with the contents [of the terms and conditions] on the second page, sometimes there's none of that." This response is not limited to the 2012–2013 time frame, nor does it identify or refer to the specific Purchase Orders at issue. Such speculative conclusions are insufficient to raise an issue of material fact. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–64 (2007).

PCT argues that the district court should have imputed its arguments and considered evidence in a related case, *Andes Ind., Inc. v. EZconn Corp.*, No. 2:15-CV-01810-PHX-NVM (D. Ariz 2017), in deciding its motion for summary judgment. However, that case does not relate to the purchase orders at issue here, PCT did not identify any specific evidence from that case that might pertain to this

2

one, and we are limited to examining evidence actually in the record of this case.

*Heiniger v. City of Phoenix*, 625 F.2d 842, 843 (9th Cir. 1980).


**AFFIRMED.**